IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:24-cv-08127 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| TOM DART, in his official capacity as Sheriff of Cook County; COOK COUNTY, ILLINOIS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER**

For the reasons set forth in the Statement below, the third amended complaint [13] is dismissed without prejudice. The plaintiff is given leave to file a fourth amended complaint by 9/5/25. If the fourth amended complaint does not address the issues flagged in the Statement, it may be dismissed with prejudice. If the plaintiff chooses to stand on the third amended complaint, the Court will convert its dismissal into one with prejudice and enter final judgment for the defendants.

**STATEMENT**

Upon screening the third amended complaint, the Court concludes that it once again fails to state a claim. As the Court noted in its July 2 order, ECF No. 12, a plaintiff seeking to state a claim under the Rehabilitation Act and/or the ADA must plausibly allege that (1) the defendant "intentionally acted on the basis of the disability," (2) the defendant "refused to provide a reasonable modification," or (3) the defendant's rule "disproportionally impacts disabled people," *Haney v. Pritzker*, 563 F. Supp. 3d 840, 859 (N.D. Ill. 2021) (quotation marks omitted). The third amended complaint does not satisfy any of the three. As to the first, the complaint does not explicitly mention intentional conduct, nor does it allege facts allowing a plausible inference that defendant Dart intentionally acted (or failed to act) based on the plaintiff's physical impairment. As to the third, the complaint makes no mention of specific rules.

It appears the plaintiff is attempting to take the second path, as the complaint indicates that defendant Dart "refused to provide [the] plaintiff with the reasonable accommodation that [he] requires" on "many occasions." Third Am. Compl. 3 ¶ 11, ECF No. 13; *see also id.* at 3-4 ¶ 14. But even under the second path, a plaintiff must allege that the defendant "refused to provide a reasonable modification" on more than a conclusory basis. *Haney*, 563 F. Supp. 3d at 859 (quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the plaintiff has not done so. In the complaint, the plaintiff points to two instances where he could not attend in-person hearings. (He does not point to any concrete instances where he could not attend virtual hearings.) There are no facts, however, connecting the plaintiff's inability to attend the hearings to

defendant Dart's refusal to provide a reasonable modification. It is an unfortunately common problem that defendants who are required in court are not transported; while Dart's refusal to provide a wheelchair (or transportation capable of accommodating a wheelchair) could account for the plaintiff's absence on the two relevant occasions, it is also possible that the hearings were incorrectly calendared, that there was a problem (such as a lockdown) at the jail, that the plaintiff was being disciplined for some infraction, that the plaintiff was in a hearing before another court, or that the plaintiff was delivered too late.

     Put simply, nothing in the complaint pushes the plaintiff's claim that defendant Dart refused to provide a reasonable modification "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The third amended complaint is accordingly dismissed pursuant to 28 U.S.C. § 1915A(b)(1), although the dismissal is without prejudice and the plaintiff is given leave to file a fourth amended complaint by September 5, 2025. If the fourth amended complaint does not address the issues flagged in this Statement, it may be dismissed with prejudice. *See, e.g.*, *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (dismissal with prejudice is appropriate after repeated failure to cure deficiencies). If the plaintiff chooses to stand on the third amended complaint, the Court will convert its dismissal into one with prejudice and enter final judgment for the defendants.

Date: August 6, 2025

John J. Tharp, Jr.
United States District Judge